NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3062

MARTHA RANGEL,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Gony F. Goldberg, Assistant General Counsel, American Federation of Government Employees, AFL-CIO, of Washington, DC, argued for petitioner.

Claudia Burke, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  Arbitrator Decision

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3062

MARTHA RANGEL,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of an arbitrator's decision in FMCS No. 060301-02312-3 by Don B. Hays.

_____

DECIDED:  February 10, 2009

_____

Before RADER, FRIEDMAN, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

A former government employee challenges an arbitrator's affirmance of her removal for inadequate performance.  She contends that the Office of Personnel Management ("OPM") had not approved her agency's performance appraisal system, which OPM was required to do before the agency could use the system.  We hold, however, that she failed adequately to raise this point in the arbitration proceedings, and therefore cannot assert it here.  We therefore affirm the arbitrator's decision upholding her removal.

I

The appellant Martha Rangel was employed as a computer specialist by the United States Customs and Border Patrol ("Border Patrol"), a part of the Department of Homeland Security. Her supervisor viewed Rangel's work as unsatisfactory, and Rangel considered her supervisor incompetent.

In August 2004, Rangel was placed on a 60-day performance improvement plan. Thereafter her supervisor told Rangel that her performance had not improved and gave her a detailed written statement of her deficiencies. The Border Patrol subsequently removed her for unacceptable performance in three critical elements of her position.

To challenge her removal, Rangel's union invoked the arbitration appeal provisions of the collective bargaining agreement. After a hearing, at which Rangel was represented, the arbitrator denied the appeal. In an 84-page opinion, which discussed the evidence in detail, the arbitrator concluded that the agency had proved by substantial evidence that Rangel's "performance was unsatisfactory, in one or more of the designated critical elements of her performance work plan, during the designated (bona fide) trial period of August 31, 2004, through October 31, 2004, and that her removal was not pretextual for discriminatory intent by agency management." The arbitrator also ruled that the agency had "offered preponderant proof that its performance appraisal system had been previously approved by the OPM." Before this court Rangel challenges only the latter, but not the former ruling.

This court reviews an arbitrator's decision in Federal employment disputes "under the same standard of review that is applied to decision[s] from the Merit Systems

Protection Board." Giove v. Dep't of Transportation, 230 F.3d 1333, 1338 (Fed. Cir. 2000); see 5 U.S.C. § 7121(f).

## II

Under governing statutes and OPM regulations, federal agencies are required to "develop" performance appraisal systems that "provide for periodic appraisals of job performance of employees" and that permit "removing employees who continue to have unacceptable performance but only after an opportunity to demonstrate acceptable performance," and OPM is required to approve such systems before agencies may use them. 5 U.S.C. § 4302(a)(1), (b)(1),(3), (b)(6); 5 C.F.R. § 430.210.

In the arbitration proceedings, Rangel made the following statements about OPM's approval of her agency's performance appraisal system:

On the second day of the hearing, Rangel's representative stated that "the question of an approved performance appraisal system" is "not really a threshold issue. I just assume they have some evidence of that approval." After Rangel stated that "the agency must specifically show" approval of the system she further "suggest[ed]" that "as part of their prima facie case to prove responsibility", the agency must show that it is "operating under" "an approved system."

On the last day of the hearing, Rangel's representative stated:

> I just wanted to mention again, it's one of our issues . . . Can
> the Agency show that its performance appraisal system has
> been approved by OPM. . . .

When the arbitrator told Rangel's representative that "[y]ou can raise it as part of your brief," she responded: "we will." She then stated:

I'm simply raising it now so that if counsel wants to attempt to secure evidence of such approval, he is on notice that he can do it.

In her post-hearing brief, Rangel reiterated that on the last hearing day "we raised . . . again" "the issue of whether the agency has an OPM approved performance appraisal system . . . so that agency counsel would be on notice that he needed to secure evidence of such approval."

In its brief, the government included two letters in which OPM approved the performance appraisal system. In the first letter, dated February 13, 1996, addressed to the Treasury Department, OPM "approved" "a new performance appraisal system for the Department of the Treasury." The second letter, dated November 17, 2003 and addressed to the Department of Homeland Security, "approved" "a performance appraisal system (PAS) for the Department of Homeland Security (DHS). The system will apply to all agency non-SES employees, other than" specified "excluded" employees.

It is unclear from the record exactly under which performance appraisal system Rangel was evaluated and removed. Prior to the Homeland Security Act of 2002, the Border Patrol, for which she worked, was part of the Immigration and Naturalization Service, which in turn was part of the Department of Justice. Under the Homeland Security Act, the Border Patrol was combined with certain functions of the Customs Service to form the United States Customs and Border Patrol, which became part of the Homeland Security Department.

The Border Patrol evaluated Rangel's annual performance under the standards of a Department of Justice appraisal system, which also were the standards under her

performance improvement plan.  It is unclear when Rangel referred to her "Agency's" performance evaluation system in her statements to the arbitrator, whether she was referring to the Department of Justice system, or to the Border Patrol or the Department of Homeland Security system.  What is clear is that her evaluation in 2004 (apparently based on Department of Justice standards) was made by the Border Patrol, then a part of the Department of Homeland Security, whose system OPM had approved in 2003.

In his opinion, the arbitrator rejected Rangel's contention that OPM had not approved her agency's performance appraisal system.  He ruled that "the agency was never placed on timely notice of its obligation to offer proof on such issues until after the evidence phrase of the trial had essentially been completed.  It was only at that late hour that agency counsel, and this arbitrator, were put on reasonable notice of this procedural issue having become a pivotal part of Rangel's defensive scheme."  He "consider[ed] the agency's unrefuted and unchallenged documentary evidence [in its brief] to be relevant, admissible and dispositive of the grievant's (OPM) procedural challenge."

III

The Merit Systems Protection Board has ruled that, in defending an employee's removal, the agency is required to show that OPM has approved its performance appraisal system only if "an appellant alleges that there is reason to believe that an agency is not in compliance with the law."  Daigle v. Dep't of Veterans Affairs, 84 M.S.P.R. at 630-31 (1999); see also Dobson v. Dep't of the Navy, ___ Fed. Appx. ____, 2008 WL 2796394 (Fed. Cir. )*4 (unpublished decision, citing Daigle).  Daigle changed the Board's practice, which theretofore had required the agency always to show, as part

of its case supporting its employee-disciplinary action, OPM prior approval of its system. The Board made this change so as not "to perpetuate an outmoded paperwork requirement."

This court has not decided whether a former federal employee may challenge her removal for inadequate performance on the ground that OPM had not approved her agency's performance appraisal system. We need not resolve that issue here because, even under the Board's Daigle principle, Rangel would not prevail in her lack-of-OPM-approval contention.

During the extensive hearing before the arbitrator, Rangel never "allege[d] that there is reason to believe that [her] agency was not in compliance with the law," i.e., that it was operating under a performance appraisal system that OPM had not approved. Although she stated that there was an issue whether the agency had an OPM-approved performance appraisal system, she never alleged that "there is reason to believe" that the agency did not have such a system. That allegation, however, is what Daigle requires before an agency is obligated to show such approval. Indeed, it appears that Rangel was invoking the Board's pre-Daigle standard that the agency was always required to show OPM approval as part of its defense of its adverse employment action. Rangel has not properly raised the OPM-approval issue in this case, and we decline to consider that issue.

Our conclusion also is fatal to Rangel's specific challenges to the arbitrator's decision. Rangel contends that she was denied a fair hearing and Due Process when the arbitrator reopened the record and admitted into evidence the two OPM-approval letters included in the government's brief. She argues that this procedure denied her a

fair opportunity to object to the government's documents or to present countervailing evidence or argument on the issue.

For the reasons given, however, the challenges to the validity of those letters to support her removal are not properly before us. In any event, as noted, on the final hearing day Rangel invited the agency to submit evidence showing OPM approval. Moreover, during the four months between the filing of the government's brief and the issuance of the arbitrator's opinion, Rangel did not attempt to submit to the arbitrator any evidence that contravened the government's submission, or any argument why the two letters the government submitted did not establish OPM's approval of her agency's performance appraisal system. There is no reason to believe that if she had sought to make such a filing, the arbitrator would have refused to accept or consider it.

For similar reasons, we also decline to consider Rangel's contention that the arbitrator's ruling that the OPM letters have established that OPM had approved her agency's performance appraisal system was not supported by substantial evidence.

CONCLUSION

The decision of the arbitrator upholding Rangel's removal is

<u>AFFIRMED</u>.